Freeman, J.,
delivered the opinion of the court
This bill is filed charging a ehampertous agreement between defendants in conducting a suit commenced in the Municipal Court at Memphis, asking a discovery of the facts constituting the. champerty, and a dismissal of said suit upon discovery and proof of the ehampertous agreement.
*340 The bill was dismissed on demurrer by the Chancellor.
Its allegations are: That the defendant Coyne has a suit pending in the Municipal Court, in which he claims title to, and a right to recover $4,000 from complainant Hayney, and. that said claim is unjust and unfounded; that defendant Lomander had agreed to support and maintain Coyne in carrying on and maintaining said suit, and said Coyne is to divide whatever may be gained or recovered, with the said Lomander, and that said Coyne under this agreement is carrying on the same with his money, services and1 labor under the corrupt agreement referred to, that is, that a part of the sum gained, to-wit: $500, is to go to and belong to Lomander. That Lomander is not a party to the suit, and has no interest in the subject matter. That the suit is prosecuted in forma pauperis. In addition to this, it is alleged, they have agreed to give defendant Malia $100 of the recovery, said defendant being only a witness in the case.
Two questions are presented for our determination on these facts: First. Is the agreement charged in the bill champertous? Second. "Whether a bill in equity is the proper remedy, the suit in which the champerty is alleged being one pending in a court of law, and not involving title to land, but only a recovery of money claimed to be due from plaintiff in that suit to defendant.
The case of Weedon v. Wallace, Meigs’ B,. 286, was a case where Colville, by agreement, was to attend to the prosecution of a suit for recovery of certain *341 negroes, and receive for his services one-half of the negroes in the event of recovery. This was held to be champertous, and the suit dismissed for that cause. It was also held in that case that under the act of 1821, champerty was not confined to an agreement between an attorney and client, but might as well be made out by proof of a corrupt agreement between plaintiff in the suit and any private individual. The case of Webb v. Armstrong, 5 Hum., 379, was a motion by Armstrong against a sheriff for failure to return an execution. It was proved on the trial, by one Jackson, that he was using the name of Armstrong in this motion, under an agreement to give him half of what might be collected, and that he was doing this for his own indemnity, having lost money by Webb. This was held champertous and the suit dismissed. Vincent v. Ashley, 5 Hum., 594, was a case of agreement very much like the one in Meigs’ Report.
From these cases it is clear that the agreement charged in the bill, is champertous, unless it comes within some exceptions known to the law. We know of no exceptions in favor of an agreement of the character charged, that is, an agreement to prosecute and maintain or carry on the suit of another, taking a share of the recovery as compensation.
At common law, maintenance was an offence de-finéd by Blackstone as “an officious intermeddling in a suit that no way belongs to one by maintaining or assisting either party with money, or otherwise, to prosecute or defend it.” There were exceptions to *342 this definition, as that “a man however, might maintain the suit of his near kinsman, servant or poor neighbor, out of charity and compassion, with impunity.” 2 Blackstone, 97. No exception is found in favor of champertous agreements, such as presented in the' bill. It is clearly not as charged, assistance of a neighbor or kinsman as a matter of charity;' but the prosecution of a suit for profit, and that to be derived from a share of the recovery.
As to the mode of proceeding to be pursued for the development and discovery of a champertous agreement, the code has pointed out two: First. Section 1784 provides that the defendant may adopt either of the two following ways: “ He may file a bill in equity against a party claiming the title, and if necessary, against his attorney for discovery and relief, and obtain an injunction where it may be deemed proper.” Or he may, at the return term to which the process is returnable, if it has been served or executed, exhibit interrogatories to the plaintiff, his agent or attorney, for discovery and relief, and obtain an injunction where it may be deemed proper.”
In addition however, to these modes as shown by the cases we have cited, the defendant may have all the-advantage of the fact of champerty on the trial, by proof made by witnesses. As said by the court in 5 Hum. 381, “the statute by pointing out the means; of ascertaining champertous agreements by bill and interrogatories formally propounded, did not intend to restrict, but amplify the remedies for punishing such agreements.”
*343 In none of the Cases to which we are referred however, is the precise question made in this case raised or discussed, that is whether in an action for money the defendant can, as a matter of course, file a bill in equity for discovery of the champertous agreement without alleging any special ground on which such a discovery is necessary. In the case in Meigs, the suit was pending in the Chancery Court and a cross bill was filed in the cause for discovery of the champerty. In Vincent v. Ashley, the original suit was in chancery for recovery of the negroes, and a separate bill seems to have been filed for discovery of the champerty.
In both cases the title of property seems to have been involved, so that' the bill, in the language of the Code, could be filed against the party claiming the title.
Having no decision authoritatively settling the practice, we are at liberty to adopt such practice as the fair construction of the statutes and the ends of justice may demand; keeping in view the principle laid, down by this court in 9 Yerg., 115, that “the statute is not only summary in its course of proceedings, but highly penal in its sanction, and cannot have a liberal construction.” We think then the provisions of the statute authorizing the bill in equity to be filed against the party claiming the • title, in connection with the other sections of the Code making void conveyances of real estate when adversely held, may fairly be construed as confining the relief by bill, to cases where title to property, real or personal, is in- *344 v.olved; unless the party should seek a discovery on. some independent ground warranted by the general principles of equity practice, as to the discovery in aid of a suit at law, and that in a case like the present, no special ground for discovery being alleged, as want of means of making proof by other persons, the party should either file interrogatories or rely on his defense by proof at the trial. The delay attendant on filing a bill, is well ' illustrated in this case, this bill having been now pending since July, 1869, nearly three years, while the other suit is suspended by injunction, and shoujd the party be required to answer, it may be continued for two years longer. This all may be avoided in a case like the present, by the interrogatories or by the' proof on the trial, a much more speedy, and as far as we can see, equally efficient mode of making the question.
We therefore think the Chancellor decreed correctly when he dismissed this bill, and affirm his decree with costs.